Per Curiam.

It is the duty of each company to originate the calls from its subscribers in its exchange area, destined for the other company’s exchange area, and’ to make arrangements to carry such calls to the points of termination in such other exchange area. In such instances a company uses its own originating facilities, the interchange circuits, and the terminating facilities of the other company for which an implied obligation to pay for such use arises.
The two exchanges involved are contiguous single-office exchanges. The Wooster exchange has many more subscribers than the Northern Ohio exchange. Each company submitted exhibits and testimony purporting to show the cost of its facilities devoted to the use of the subscribers of the other. This evidence produced only broad general estimates. Traffic studies were also made showing the number of extended-area service calls originating in each exchange area.
From an examination of the record, this court is of the opinion that the finding of the commission, that the traffic in each direction and the costs and expenses of facilities and equipment of each company are approximately the same, is not unlawful or unreasonable.
The order of the Public Utilities Commission is affirmed.

Order affirmed.

Weygandt, C. J., Zimmerman, Tart, Matthias, Bell, Doyle and O’Neill, JJ., concur.
Doyle, J., of the Ninth Appellate District, sitting by designation in the place and stead of Herbert, J.